IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CAROLYN BARNES AND CHILDREN, § | |
| § | |
| Plaintiffs, § | |
| V. § | |
| § | A-18-CV-952-LY-ML |
| UNITED STATES OF AMERICA, ET AL., § | |
| Defendants. § | |
| § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE:

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #2; #6)[1]. Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiffs' claims pursuant to 28 U.S.C. § 1915(e)[2].

**I.     REQUEST TO PROCEED *IN FORMA PAUPERIS***

The court has reviewed Plaintiff's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby

---

[1] Dkt. #6 was filed by Plaintiff in response to the undersigned's order directing Plaintiff to submit the Austin Division Application to Proceed in Forma Pauperis and Financial Affidavit in support and has been docketed as a new Motion. Accordingly, Dkt. #6 renders Dkt. #2 moot, and Dkt. #2 is dismissed.

[2] The undersigned notes that a Motion for Recusal is also pending in this case, in which Plaintiff appears to demand the recusal of United States District Judges Yeakel and Pitman, and United States Magistrate Judge Austin, along with "all the judges of this court" and the Fifth Circuit. *See* Dkt. #3. She does not request the recusal of the undersigned by name. She "incorporates the motion to recuse" in her Complaint. Dkt. #1 at 40. Only Judge Austin is named among the dozens of other listed defendants in this case. *See* Dkt. #1 at 1–3.

**GRANTS** Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Court's review of the recommendations made in this Report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

    **II.**      **REVIEW OF THE MERITS OF THE CLAIM**

    **A.**      **Factual Background**

Plaintiff Carolyn Barnes brings this suit, purportedly on behalf of herself and her children, against dozens of named defendants. In her Complaint, among others, she names the United States of America, the United States Census Bureau, the FBI, the DOJ, the Department of Commerce, the U.S. Attorney's Office, the US Marshals and Courts, Williamson County courts and law enforcement departments, Travis County courts and law enforcement departments, various state agencies including the Texas Attorney General, the State Bar of Texas, various state appellate courts, the Court of Criminal Appeals, the Texas Supreme Court, various district

attorneys, both state and federal judges including United States Magistrate Judge Andrew W. Austin, private lawyers and others as defendants.[3] *See* Dkt. #1 at 1–3.

On the face of the Complaint, she lists violations of the following: "42 U.S. Code 13981, 34 USC § 12361, 42 USC § 1981, 1982, 1983, 42 USC § 1985, 1986, § 1988, 42 USC § 2000bb et seq. 42 USC § 2000cc et seq. 42 USC §12101 18 USC § 4, 201, 241, 242, 245, 18 USC § 247, 249, 371, 373, 18 USC § 521, 641, 1001, 1018, 18 USC § 1201, 1202, 18 USC 1341, 1343, 1346, 18 USC § §1347, 1349, 18 USC § 1505, 1506, 1509, 18 USC § 1510, 1512, 1513, 18 USC § 1519, 1952, 1957, 18 USC §, 1961-1968 18 USC § 2331, 2332a, 18 USC § 2332b, 2339A, Tex. CCP 46B, Tex. Health & Safety Code, Title 7, Subtitle C, Tex. Religious Freedom Restoration Act, Tex. Citizen Participation Act, Tex. Free Enterprise and Anti-Trust Act." *Id.* at 1. Elsewhere, she lists additional claims under the Texas and United States Constitutions. *See, e.g.,*, *id.* at 38.

In her 491-page Complaint, she alleges "that all named parties are acting in a continuing conspiracy to violate Plaintiffs' civil, constitutional, and fundamental human rights and to that end, they willfully violated various state and federal laws, statutes, and constitutional provisions in advancing and concealing the continuing conspiracy," referring to the Defendants or subgroups of the Defendants as the "CARTEL" or "JOINT ENTERPRISE." Dkt. #1 at 5. She also refers throughout the Complaint to acts taken by the "BRM" or "black robe mafia." *See,*

---

[3] Plaintiff has also filed a document styled as "Supplemental Original Complaint," in which she seeks leave to add a different or additional set of defendants, still including the United States but also adding the following individuals or entities: "RENE OSCAR CAMPOS, RENE CAMPOS, SR., EDWARD CHARLES CAMPOS, DIB/A 2016 INDJAN TRAIL RANCHLAND, GREAT ASPEN, 2016 GOBBLER, 2016 SNEAK PEEK 2015 AUSTIN GILFILLAN, CHICK-FIL-A, AND OVER THIRTY OTHER VARIOUS AND SUNDRY ALTER EGOS, THOMAS R. STAUCH, BETSY LAMBETH, KATIE LENTZ, AND AARON SENSENEY." Dkt. #8 at 1. This document is filed as a Supplemental Original Complaint but appears to both add new claims and new defendants relating to a November 10, 2018 alleged destruction of her property. Nevertheless, she appears to allege these new individuals and entities are also a part of the "CARTEL." Dkt. #8 at 4. She does not affirmatively seek to amend her original complaint, nor does she make clear that she is asking to replace the original complaint in filing this document.

*e.g., id.* at 50. Among other allegations, she complains of fraud on the court, obstruction of justice, breach of the social contract, racketeering tactics, the spread of weaponized immunity, and argues that Defendants "fully employed and engaged their entire apparatus and state-funded machinery to conceal the corruption and make it appear that Plaintiffs are the evil ones simply because they seek to expose the truth." *Id.* at 8. She lodges complaints about the structural inequities of the state and federal judicial systems and misogynistic and narcissistic corruption throughout the government and refers to conduct engaged in by the "Star Chambers." *Id.* at 81. Plaintiff's claims appear generally to arise out of her loss of her bar card[4] and related financial losses, other courts findings regarding her mental health, and primarily, out of Judge Austin's conduct in a related case in 2012 and 2013 and Judge Pitman's conduct in a related 2015 case. *See, e.g., id.* at 41. She seeks monetary damages to compensate her losses of $700,000.00, medical bills of $250,000.00, liquidated damages in excess of $1,000,000.00 as well as damages for various other losses, costs and attorney's fees, punitive damages, declaratory relief stating that her rights have been violated, and various forms of injunctive relief, including requiring all defendants to destroy documents associated with "mental commitments, felony conviction, VLS orders, and disbarment orders." *See id.* at 477–485.

**B.     Standard of Review**

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

---

[4] According to the State Bar of Texas webpage, her disciplinary history included an interlocutory suspension from August 28, 2013 through May 2, 2017 and culminated with her disbarment on May 2, 2017.

1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**C.   Discussion**

Plaintiff is no stranger to the state and federal court system. In 2013, Judge Austin recommended dismissing Plaintiff's claims with prejudice after Plaintiff ignored the court's multiple orders to file more definite statements and filed multiple supplements to her original complaint without leave of court. As the court noted that at that time, Plaintiff already had a lengthy history of frivolous litigation quoting Judge Smith's observation in the Waco Division of this court:

> Carolyn Barnes has been involved in altercations with law enforcement on other occasions and has initiated lawsuits as a result. *Barnes v. Sulak*, 2002 WL 1804912, No. 03-01-00159-CV (Tex. App. – Austin, 2002); *Barnes v. Madison*, 79 Fed. Appx. 691 (5th Cir. 2003); *Barnes v. State*, 2007 WL 1647827, No. 03-03-00533-CR (Tex. App. – Austin 2007, writ ref'd). She has also added herself as a party to lawsuits she has filed as either delaying tactics or in retaliation for acts of other attorneys. See *Barnes v. State Bar of Texas*, 888 S.W. 2d 102 (Tex. App. – Corpus Christi, 1994) (in which disciplinary proceedings were *not* upheld against her).

*Barnes v. Travis Cnty. Sheriff's Dept.*, 1:12-CV-00028-LY, 2013 WL 1773618, at *4 (Apr. 25, 2013). The court observed that as of the filing of that case, Plaintiff had been the pro se party or attorney in *seven* prior cases that were dismissed as meritless or frivolous, and concluded that her "contumacious" conduct presented a "clear pattern of abuse of her right of access to the court." *Id.* Judge Austin's Report and Recommendation was adopted, and the District Court allowed Barnes "one final opportunity to replead her claims in a meaningful fashion." Dkt. #37, 1:12-CV-00028-LY. Ultimately, final judgment was entered in that case after all her claims were dismissed for failure to comply with a court order. She was barred from filing any additional pleadings or motions in the action on March 18, 2014. Since 2013 and prior to the filing of this suit, Plaintiff has filed at least one other suit that has come before this court, which is presumably the basis of Plaintiff's complaints about Judge Pitman. *See* 1:15-CV-298-RP and 1:15-CV-483-RP (a state court case that was removed to this federal court and later severed).

It is clear from a review of the Complaint that Plaintiff's claims, framed as a vast conspiracy by multiple branches and levels of the state and federal governments, among others, lack any arguable basis in law or fact and should be dismissed as frivolous.[5] But even if her claims had an arguable basis in law or fact, her opportunity to raise any contentions about the alleged mistakes or wrongdoing in her 2012 and 2015 cases has passed. In her 2012 case, the Fifth Circuit affirmed the District Court's judgment on March 17, 2015 and her petition for writ of certiorari was denied on November 9, 2015. Dkt. #61; #62, 1:12-CV-00028-LY. In her 2015 case, the District Court's judgment was affirmed by the Fifth Circuit on May 25, 2016 and no petition for writ of certiorari was filed. Dkt #118, 1:15-CV-00298-RP. Further, to the extent she

---

[5] Additionally, many of the Defendants she names would otherwise be entitled to certain judicial or other governmental immunity.

intends to complain of incorrect state court rulings, her claims are likely barred by the *Rooker-Feldman* doctrine.[6]

A district court may bar a vexatious litigant from filing future complaints unless she seeks the prior approval of a district or magistrate judge. *Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (*citing Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994)). This procedure should be employed here. Due to Plaintiff's pattern of filing frivolous lawsuits with the Court, the undersigned recommends that Plaintiff be barred from filing any future complaints in the Western District of Texas absent leave of Court.

### III. ORDER AND RECOMMENDATIONS

The Magistrate Court hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #6). The previous version of the Application, Dkt. #2, is **DISMISSED AS MOOT**. The Magistrate Court **RECOMMENDS** the District Court **DISMISS WITH PREJUDICE** Plaintiffs' Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and that Plaintiff be barred from filing future complaints in the Western District of Texas absent leave of court.

The referral of this matter to the Magistrate Judge should now be **CANCELED**.

---

[6] The Fifth Circuit has stated that "[a]bsent specific law otherwise providing, [the *Rooker-Feldman* doctrine] directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317-18 (5th Cir. 1994)(citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Put differently, "if a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000).

Attempting to recast a complaint in the form of a civil rights action does not allow a plaintiff to circumvent this rule, "as absent a specific delegation, federal district courts, as courts of original jurisdiction lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Liedtke*, 18 F.3d at 317-18. (quoting *Kimball v. Florida Bar*, 632 F.2d 1283, 1284 (5th Cir. 1980)(quotations and additional citations omitted). The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before district court proceedings commenced and invoking district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It extends to cases in which "the constitutional claims presented [in federal court] are inextricably intertwined" with the state court ruling. *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986).

## IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED July 30, 2019

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE